IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN FRANCIS,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:25-CV-162-L-BN** |
| **FNU LNU,** | § § § | |
| Defendant. | § | |

## ORDER

On January 28, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court **dismiss with prejudice** *pro se* John Francis's ("Plaintiff" or "Mr. Francis") Civil Complaint ("Complaint") (Doc. 3). No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report as that of the court.

The Report reasons that Plaintiff's claims be dismissed because:

A review of Francis's filing reflects that the complaint does not name or even describe any defendant and presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Francis has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Francis could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

And, insofar as Francis, convicted by a state court in this district, is not incarcerated in this district and venue may therefore not be proper in this district, see 28 U.S.C. § 1391(b), transfer of this case would not be in the interest of justice for the reasons set out above, see id. §§ 1404(a), 1406(a). Nor does the

      improper venue statute protect Francis from his choice of the wrong venue. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue."); *cf. Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam) ("Like personal jurisdiction, venue is 'designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.' Therefore, 'a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.'" (citations omitted)). But, if Francis does pay the filing fee or if the Court otherwise finds a basis to serve his complaint, venue could be revisited at that time.

Report 2-3.

      When the dismissal of claims brought by a *pro se* plaintiff is appropriate, it "should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017). If the court determines that "the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings 'demonstrate that the plaintiff has pleaded his *best* case.'" *Alderson*, 848 F.3d at 423 (emphasis in original) (citation omitted). While the magistrate judge did not expressly state his findings as to why he believes Plaintiff has pleaded his best case, this court expressly determines, for the reasons that follow, that he has pleaded his best case.

      Since 2020, Plaintiff has filed 35 cases in the Northern District of Texas, including this case, most of which have been dismissed.* Each of the 35 filings contains similar allegations, and at least 31 of those cases have no named defendant. Mr. Francis has been informed by the district and magistrate judges in several other cases that his pleadings were deficient, and in each of

---

\* *See* Case Nos. 3:20-cv-03399-E-BK; 3:21-cv-01541-E-BN; 3:22-cv-01939-M-BH; 3:23-cv-00740-B-BH; 3:23-cv-02380-D-BN; 3:24-cv-00530-L-BN; 3:24-cv-00531-S-BN; 3:24-cv-00532-B-BN; 3:24-cv-00533-E-BT; 3:24-cv-00534-B-BK; 3:24-cv-00535-N-BT; 3:24-cv-00536-G-BK; 3:24-cv-00604-N-BK; 3:24-cv-00685-E-BN; 3:24-cv-00766-L-BN; 3:24-cv-00767-D-BK; 3:24-cv-00822-D-BN; 3:24-cv-02660-K-BN; 3:24-cv-03081-K-BT; 3:24-cv-03143-L-BK; 3:24-cv-03216-S-BT; 3:24-cv-03261-S-BK; 3:25-cv-00016-L-BW; 3:25-cv-00019-B-BW; 3:25-cv-00079-G-BW; 3:25-cv-00209-S-BK; 3:25-cv-00297-K-BK; 3:25-cv-00481-X-BW; 3:25-cv-00560-B-BW; 3:25-cv-00623-D-BT; 3:25-cv-00670-N-BW; 3:25-cv-00721-K-BN; 3:25-cv-00758-L-BT; 3:25-cv-00792-B-BW

**Order – Page 2**

those cases, he has failed to amend his complaint to state cognizable claims. The rule permitting a pro se litigant the opportunity to file an amended complaint "should not and does not apply to bad faith litigators." *Lyons v. Sheetz,* 834 F.2d 493, 496 (5th Cir. 1987). It is clear, based on Plaintiff's litigious nature and failure to comply or respond to court orders, that he is a bad faith litigator, and allowing him to amend his pleadings would not be appropriate. Accordingly, the court determines that this action should be **dismissed with prejudice.**

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action and claims by Mr. Francis. **Further, the court directs the clerk of the court not to accept any future actions from this Plaintiff unless he first obtains leave from a district or magistrate judge.**

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 8th day of April, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 4